[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #111
The defendant, Progressive Casualty Insurance Company, argues that the court should grant its motion for summary judgment because the statute of limitations has run on the plaintiff's claims. On February 13, 1996, the defendant filed a prior motion for summary judgment arguing that Progressive never owed a duty to the plaintiff. On April 7, 1996, Judge Gray denied Progressive's motion for summary judgment on the grounds that a genuine issue of material fact exists as to whether the plaintiff was a third party beneficiary under Progressive's policy, and subsequently, whether the defendant owed a duty to the plaintiff. That is the law of the case. Since a genuine issue of material fact exists as to the plaintiff's relationship with the defendant and whether the defendant owed a duty to the plaintiff, a genuine issue of material fact exists as to the extent of that relationship and duration of that duty. If the parties were in a special relationship giving rise to a continuing duty, then the continuing course of conduct doctrine may apply to the limitations period. See Connell v. Colwell, 214 Conn. 242, 254-55
(1990) (holding that "a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act" may toll the statute of limitations.) The parties did not argue or brief this issue, and the court is not convinced, at this stage of the proceedings, that the defendant is entitled to judgment as a matter of law.
This case concerns an insurance company that allegedly provided coverage to its insured that was inconsistent with requirements set forth by the City of New Haven. In the process, the company denied the third party compensation for his injuries, a result which might not have occurred had the insured possessed the correct coverage. This case involves complex and important public policy issues concerning insurance coverage and New Haven's desire to ensure that people injured within the city limits have avenues of recovery. Summary judgment is "ill adapted to cases of a complex nature or to those involving important CT Page 5766 public issues, which often need the full exploration of trial."United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,375 (1969).
Accordingly, this case should proceed to trial where these issues may be properly decided.
Samuel S. Freedman, Judge